# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HOLLYWOOD COLLECTIBLES GROUP, LLC,**

    **Plaintiff,**

**v.**                                                    **Case No: 6:14-cv-176-Orl-31KRS**

**MASTER CUTLERY, INC.,**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 25) and Defendant's opposition thereto (Doc. 29).

This dispute involves sublicensing agreements between Plaintiff, Hollywood Collectibles Group, LLC ("HCG"), and Defendant, Master Cutlery, Inc. ("Master Cutlery"), covering the sale of "Rambo" knives – *i.e.*, replicas of knives used by Sylvester Stallone onscreen in the four "Rambo" movies. HCG claims that Master Cutlery has failed to pay royalties to Plaintiff since the third quarter of 2011 and has continued to sell Rambo knives without a valid sublicense agreement.[1]  Defendant asserts that it is no longer selling Rambo knives, has no remaining inventory and does not intend on selling them in the future without a valid license (Doc. 29-1 at 3).

---

[1] Plaintiff allegedly holds the exclusive right to manufacture and sell the Rambo knives. Plaintiff alleges that the sublicenses with Master Cutlery expired on December 31, 2010; however, the parties continued to perform thereunder for a period of time. Plaintiff formally terminated the sublicenses on April 24, 2012.

A preliminary injunction is an extraordinary remedy and should be granted only, among other things, if the plaintiff establishes a substantial threat of irreparable injury. *See*, *e.g.*, *Haitian Refugee Center, Inc. v. Baker*, 949 F.2d 1109, 1110 (11th Cir. 1991). Here, Plaintiff did not seek this extraordinary remedy until more than two years after the sublicenses expired and Defendant ceased making royalty payments, and waited almost six months after filing the instant suit to move for an injunction. Plaintiff's delay undermines its claim of entitlement to relief. *See Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) ("The injury must be neither remote nor speculative, but actual and imminent.") (internal quotation and citation omitted). Moreover, based on the answer and the statement from its president, Defendant is no longer selling "Rambo" knives[2] and has no intention of doing so absent a new license; as such, Plaintiff faces no threat of irreparable harm. Any harm caused Plaintiff by reason of Defendant's prior conduct can be remedied by an award of damages. It is, therefore

**ORDERED** that Plaintiff's Motion for Preliminary Judgment is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 1, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] A review of the Defendant's web site on the date of this order turned up no Rambo knives for sale, although several such knives had been offered through that site several months ago.